IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL W. BRADLEY and
OPAL LAVONIA PITTS,
    Plaintiffs,

vs.                                     Case No.: 3:11cv394/RV/EMT

LISA BEARD, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

    Plaintiffs Russell W. Bradley and Opal Lavonia Pitts, non-prisoners proceeding pro se, commenced this action by filing a civil rights complaint against Defendants Lisa Beard, Danny Cross, Fred Gerson Levin, Brian James Hooper and U.M.B. Bank (doc. 1). Their motions for leave to proceed in forma pauperis were granted (docs. 5, 7, 9). This case is now before the court upon their initial complaint (doc. 1) and their recently filed "Motion to Have Defendants Served" (doc. 11). Because the complaint is legally deficient, the latter motion will be denied.

    Plaintiffs allege that Plaintiff Bradley was hit by a train in 1991 and Plaintiff Pitts had a stroke in 1998, such that both Plaintiffs have disabilities and are protected under the Americans with Disabilities Act. Defendant Lisa Beard of First Choice Realty is identified as a "bribee of Fred G. Levin," as is Danny Cross, a condominium owner. Fred Levin, Chairman of Levin Law Firm and "Multi-Millionaire" Brian James Hooper are the remaining two individual Defendants. U.M.B. Bank, although listed on the first page of the complaint form was not listed in the "Defendants" section (section II) of the complaint form.

    In the Statement of Facts, Plaintiffs allege that Defendant Hooper attacked Plaintiff Bradley with a knife in a purported attempt to halt another case filed against him. Defendant Levin, or

someone pretending to be him, is alleged to have called Plaintiffs' home and "threatened Plaintiffs with gruesome and excruciating torture and murder by arson," which terrified Plaintiff Pitts. There are no factual allegations against Defendants Beard, Cross, or the Bank, and in fact neither Defendant Cross nor U.M.B. Bank is even mentioned within the body of the complaint.

In their statement of claims Plaintiffs assert first that "each and every Defendant has violated Plaintiffs' civil rights by violating the Americans with Disabilities Act" ("ADA") (doc. 1 at 4). Next they assert that Defendant Hooper has threatened Plaintiff Bradley's life, that Defendant Levin has repeatedly called Plaintiff (presumably Plaintiff Bradley) and threatened to have Plaintiff "shot or otherwise 'euthanized,'" and that Defendant Beard strong-armed her way into Plaintiffs' apartment with an armed escort and threatened Plaintiffs (*id.*). All of these actions are alleged to constitute tortuous and felonious violations of Plaintiffs' civil rights. Plaintiffs seek an order directing each Defendant to pay each Plaintiff two millions dollars.

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005); *see also* Ishler v. Internal Revenue, 237 Fed. Appx. 394, 395 (11th Cir. 2007) ("Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction.").

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, Plaintiffs must allege a violation of their constitutional rights or a right created under a federal law. 28 U.S.C. § 1331. The mere assertion of a federal claim or citation to a federal statute is not sufficient to

obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In this case, the allegations of Plaintiffs' complaint reveal no discernable basis for federal jurisdiction. Even taking Plaintiffs' allegations as true, there is no support in the statement of facts for any violation of the ADA. The ADA provides as follows: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The fact that Plaintiffs believe that they are disabled and would be entitled to the protection of the ADA *under appropriate circumstances* does not mean that Defendants' actions as described in the complaint, even if tortious or criminal, give rise to a cause of action under the ADA. Similarly, the mere fact that Plaintiffs may be disabled does not mean that a tort against them rises to the level of a constitutional civil rights violation merely because of their disability. Plaintiffs have failed to establish a valid legal basis for this court's jurisdiction or the existence of a substantial federal claim. Therefore, their complaint is subject to dismissal.

Accordingly, it is **ORDERED** that:

Plaintiffs' motion to have Defendants served (doc. 11) is **DENIED**.

And it is respectfully **RECOMMENDED** that:

This cause be **DISMISSED** due to lack of jurisdiction.

At Pensacola, Florida, this 11<u>th</u> day of October, 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**